IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARADOCX VINEYARD, LLC | : |
| Plaintiff, | : Civil Action No. _____ |
| v. | : |
| THE INTERPUBLIC GROUP OF COMPANIES, INC. | : |
| Defendant. | : **JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION AND UNJUST ENRICHMENT**

Plaintiff, Paradocx Vineyard, LLC ("Paradocx" or "Plaintiff"), for its Complaint against Defendant, The Interpublic Group of Companies, Inc. ("Interpublic" or "Defendant"), alleges on knowledge as to its own acts and otherwise on information and belief as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1-390; for trademark/trade dress infringement and unfair competition arising under the Lanham Act 15 U.S.C. § 1052 et seq. and under the common law, and unjust enrichment under the common law.

## The Parties

2. Plaintiff Paradocx is a Pennsylvania limited liability corporation, with a business location at 1833 Flint Hill Road, Landenberg, PA 19350 of Pennsylvania.

3. Upon information and belief, Defendant The Interpublic Group of Companies, Inc. is a Delaware corporation with an address at 1271 Avenue of the Americas, 44th Floor, New York, New York 10020, and with offices in Philadelphia including Tierney and Wahlstrom, located respectively at 200 South Broad Street, 10th Floor, Philadelphia, PA 19102 and The

Bellevue, 200 South Broad Street, Philadelphia, Pennsylvania 19102-3803, which are agencies of Defendant.

### Jurisdiction and Venue

4.  This Court has jurisdiction over the claims Plaintiff is asserting under 28 U.S.C. §§ 1331 and 1338, 1367 and 15 U.S.C. §§ 1114, 1116, and 1125.

5.  Personal jurisdiction exists generally over Defendant because Defendant has and continues to maintain sufficient minimum contacts with the forum as a result of business regularly conducted with the Commonwealth of Pennsylvania. Personal jurisdiction also specifically exists over Defendant as a result of, at least, Defendant's activities in connection with the designs embodied in U.S. Design Patent Nos. D593,353 and D610,856 , owned by Plaintiff and Plaintiff's registered trademark (of U.S. Registration No. 3,577,320) and Plaintiff's paint can trade dress for using and/or displaying and/or offering for sale products using the Plaintiff's patent designs, registered trademark and trade dress.

6.  Venue is proper in this Court under 28 U.S.C. § 1391 as well as 28 U.S.C. § 1400(b).

### FACTS

7.  Plaintiff Paradocx is the owner of United States Design Patent No. D593,353 ("the '353 patent") entitled "RECYCLABLE WINE-DISPENSING CONTAINER " which was issued to Plaintiff Paradocx on June 2, 2009.

8.  Exhibit 1 hereto is a true and correct copy of Paradocx's U.S. Design Patent D593,353.

9.  The '353 patent is directed to an ornamental design for a recyclable wine-dispensing container for which the design is reproduced below:



10. Plaintiff Paradocx is the owner of United States Design Patent No. D610,856 ("the '856 patent") entitled "RECYCLABLE WINE-DISPENSING CONTAINER " which was issued to Plaintiff Paradocx on March 2, 2010.

3

11.     The design of the '856 patent provides coverage for a recyclable wine-dispensing container without regard to the spout or label, as Figs. 1-3 of the '856 patent depict a recyclable wine-dispensing container with the spout and label in broke-line representation.  (See Exhibit 2)

12.     The design of the '856 patent is reproduced below:



13.     Plaintiff Paradocx is the owner of United States Trademark Registration no. 3,577,320 (hereinafter referred to as the "'320 registration") for the paint can mark used for wine which was registered on the Principal Register on February 17, 2009 (A copy of the '320 registration is attached as Exhibit 3 to this Complaint.)

14.     Plaintiff Paradocx produces and sells wine at its locations in Kennett Square, Pennsylvania, Philadelphia, Pennsylvania and also sells wine at locations in other states, Paradocx's customers include people including Pennsylvania as well as other states, and include customers that visit Paradocx's winery and festival held by Paradocx.  Customers visit Paradocx's wine shops where they make purchases of wine.

15.     During 2007, Paradocx developed a concept for marketing and distributing wine using a paint can container.  The wine is held in a sealed bag inside the container and has a spout that dispenses the wine from the bag through a perforation in the container.

16. Paradocx began selling wine in the paint can container in December 13, 2007.

17. Paradocx's sale of wine in the paint can container has been ongoing and continuous, from at least as early as December 13, 2007 to the present.

18. The shape of Paradocx's container is inherently distinctive, acting as a source indicator for Paradocx's goods and distinguishing Paradocx's goods from those of others. Paradocx's use of its paint can container design has been valid and continuous, and is symbolic of extensive good will and consumer recognition.

19. Paradocx began using the paint can container design for its wine products which were introduced when it commenced sales of its WHITEWASH and BARN RED wines in the paint can container in 2007, the sales of which have been continuous since then to the present. The wine is packaged and sold in Paradocx's paint can container, and the paint can container has been and is being used in commerce.

20. Upon information and belief, Defendant Interpublic is a large advertising agency.

21. Defendant Interpublic has no authority to make, use, offer to sell, sell, or import in the United States a wine container having a design that is protected by the '353 and '856 patents.

22. Interpublic has infringed the '353 and '856 patents under 35 U.S.C. § 271(a) by making, using, offering to sell, or selling within the United States; or importing into the United States, a wine container embodying the designs of the '353 and '856 patents.

23. Exhibit 4 attached hereto is an excerpt from Ad week showing the Interpublic's McCann Vilnius division and "ABC News – Good Morning America" showing the Interpublic product.

24. Interpublic infringement will continue unless enjoined by the Court.

25.     In contravention to 35 U.S.C. §§ 271(a)(b) and (c), Defendant has and/or is infringing and/or has and/or is willfully and deliberately infringing the `353 and '856 patents by making, using selling, and/or offering to sell, and/or importing into the United States, and/or inducing others to make, use, sell, and/or offer to sell products that embody the designs of the `353 and '856. Such acts of infringement have occurred and continue to occur without the authority or license of Plaintiff.

26.     Plaintiff has and is being damaged and will continue to be damaged by the infringing activities of Defendant Interpublic complained of herein.

## COUNT I

## PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D593,353

27.     Plaintiff hereby incorporates by reference the allegations set forth above in paragraphs 1-26.

28.     Plaintiff Paradocx is the owner of all right, title, and interest in the `353 patent duly and properly issued by the United States Patent and Trademark Office on June 2, 2009. (Exhibit 1 hereto)

29.     On information and belief, in contravention to 35 U.S.C. §§ 271(a)(b) and (c), Defendant Interpublic has infringed and/or is infringing the `353 patent by making, using, selling, and/or offering to sell, importing into the United States, or by inducing others to make, use, sell, and/or offer to sell, or by contributing to another's making, using, selling or offer to sell, products including but not limited to the wine paint can container shown in the `353 patent, and/or by practicing contributing to another's practicing of, or inducing another to practice a

6

process of manufacture and use, that embodies or incorporates, or otherwise practices claim of the `353 patent.

## COUNT II

### PATENT INFRINGEMENT OF U.S. DESIGN PATENT NOS. D610,856

30. Plaintiff hereby incorporates by reference the allegations set forth above in paragraphs 1-29.

31. Plaintiff Paradocx is the owner of all right, title, and interest in the `856 patent duly and properly issued by the United States Patent and Trademark Office on March 2, 2010. (Exhibit 2 hereto)

32. On information and belief, in contravention to 35 U.S.C. §§ 271(a)(b) and (c), Defendant Interpublic has infringed and/or is infringing the `856 patent by making, using, selling, and/or offering to sell, importing into the United States, or by inducing others to make, use, sell, and/or offer to sell, or by contributing to another's making, using, selling or offer to sell, products including but not limited to the wine paint can container shown in the `856 patent, and/or by practicing contributing to another's practicing of, or inducing another to practice a process of manufacture and use, that embodies or incorporates, or otherwise practices claim of the `856 patent.

## COUNT III
### FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114

33. Plaintiff Paradocx hereby incorporates by reference the allegations set forth above in paragraphs 1-32.

7

34. Defendant's activities constitute Defendant's use in commerce of the paint can trademark in connection with the sale, offers of sale, distribution, promotion and advertisement of goods bearing infringements or counterfeits of the paint can trademark.

35. Defendant has used the paint can trademark, knowing it is the exclusive property of Paradocx, in connection with the sale, offers for sale, distribution, promotion and advertisement of its goods.

36. Defendant's activities create the false and misleading impression that Defendant is sanctioned, assigned or authorized by Paradocx to use the paint can trademark to advertise, manufacture, distribute, appraise, offer for sale or sell wine when Defendant is not so authorized.

37. Defendant engaged in the aforementioned activity with the intent to confuse and deceive the public into believing that Defendant and the wine they are promoting, advertising and selling are in some way sponsored, affiliated or associated with Paradocx, when in fact they are not.

38. Defendant's use of the paint can trademark has been without the consent of Paradocx, is likely to cause confusion, or to cause mistake in the minds of the public, or to deceive, and, in particular, tends to and does falsely create the impression that the goods that are advertised, promoted, distributed and sold by Defendant are warranted, authorized, sponsored or approved by Paradocx when, in fact, they are not.

39. Defendant's unauthorized use of the paint can trademark has resulted in Defendant unfairly benefiting from Paradocx's advertising and promotion, and profiting from the use of the paint can trademark, to the substantial and irreparable injury of the public, Paradocx and the paint can trademark and the substantial goodwill represented thereby.

40. Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. By reason of the foregoing, Defendant is liable to Plaintiff for:

    (a)    an amount representing three (3) times Plaintiff's damage or Defendant's illicit profits; and

    (b)    reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

42. Defendant's actions as alleged herein have caused and will continue to cause irreparable damage and injury to Plaintiff if not enjoined by this Court.

43. Plaintiff has no adequate remedy at law.

44. By reason of the foregoing, Defendant must be enjoined from further and infringing conduct.

## COUNT IV
## FEDERAL FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

45. Plaintiff hereby incorporates by reference the allegations set forth above in paragraphs 1 to 44.

46. In connection with the advertisement, promotion, distribution, sales and offers of sales of goods, Defendant has used in commerce, and continues to use in commerce, the paint can trademark.

47. In connection with the advertisement, promotion, distribution, sales and offers of sales of goods, Defendant has affixed, applied and/or used false designations of origin and false and misleading descriptions and representations, including the paint can trademark, which tend

falsely to describe the origin, sponsorship, association or approval by Paradocx of such goods, and which tend falsely to misrepresent the nature, characteristics, and qualities of Plaintiff Paradocx's product.

48. Defendant has used the paint can trademark with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiff.

49. Defendant's use of the paint can trademark in connection with the advertising, promotion and/or sale of portable coolers constitutes false descriptions and representations tending falsely to describe or represent Defendant's products, as being authorized, sponsored, affiliated or associated with Paradocx.

50. Defendant has used the paint can trademark on or in connection with wine with the express intent (a) to cause confusion or to cause mistake, or to deceive and mislead the public, (b) to trade upon the reputation of Paradocx, and (c) to improperly appropriate to itself the valuable trademark rights of Paradocx.

51. Defendant's acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent Defendant's products as those of Paradocx in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. By reason of the foregoing, Defendant is liable to Plaintiff for:

    (a)    an amount representing three (3) times Plaintiff's damages or Defendant's profits; and

    (b)    reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

53. Defendant's actions as alleged herein have caused and will continue to cause irreparable damage and injury to Plaintiff if not enjoined by this Court.

54. Plaintiff has no adequate remedy at law.

55. By reason of the foregoing, Defendant must be enjoined from further infringing conduct.

### COUNT V
### UNFAIR COMPETITION UNDER THE COMMON LAW

56. Plaintiff hereby incorporates by reference the allegations set forth above in paragraphs 1-55.

57. The actions of Defendant as alleged above were done deliberately and intentionally.

58. The actions of Defendant as alleged above created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship, association or affiliation of the portable coolers advertised and provided by the Defendant, in violation of the common law of unfair competition.

59. The actions of Defendant as alleged above constitute misappropriation of the goodwill of Paradocx and unfair competition, in violation of the common law of unfair competition.

60. The actions of Defendant as alleged above were committed with the intention of passing off or palming off its products as if such products were those of Paradocx, with the intent to deceive and defraud the public, in violation of the common law of unfair competition.

61. Defendant's actions as alleged herein have caused and will continue to cause irreparable damage and injury to Plaintiff if not enjoined by this Court.

62. Plaintiff has no adequate remedy at law.

63. By reason of the foregoing, Defendant must be enjoined from further counterfeiting and infringing conduct.

## COUNT VI
## COMMON LAW TRADEMARK INFRINGEMENT

64. Plaintiff hereby incorporates by reference the allegations set forth above in paragraphs 1 to 63.

65. Defendant's use of the paint can for wine is likely to cause confusion or is likely to cause mistake, or to deceive as to the affiliation, connection, and/or association between Defendant's and Paradocx.

66. Defendant's activities have been willful and with knowledge that its activities are likely to confuse, or to cause mistake, or to deceive the public.

67. Upon information and belief, Defendant, by its unlawful activity, has made profits to which it is not entitled to in law or in equity.

68. Paradocx has sustained irreparable harm to its business reputation and good will. Unless Defendant is enjoined and restrained by this Court, Defendant will continue in the activities alleged herein and, as a result thereof, Paradocx will continue to sustain irreparable harm to its business, reputation, and good will.

69. Paradocx has no adequate remedy at law.

70. Defendant's acts have been willful and/or with a wanton and reckless disregard for Paradocx's rights.

71. By reason of the foregoing, Defendant must be enjoined from further counterfeiting and infringing conduct.

Wherefore, Paradocx requests that this Court enter judgment in favor of Paradocx, and against Defendant, and to award such other relief as the Court deems just and appropriate.

## COUNT VII
## UNJUST ENRICHMENT

72. Plaintiff hereby incorporates by reference the allegations set forth above in paragraphs 1 to 71.

73. As a result of the conduct of Defendant, the Defendant has been unjustly enriched at the expense of Plaintiff and the law thereby implies a contract by which the Defendant must pay to Plaintiff the amount by which, in equity and good conscience, the Defendant has been unjustly enriched at the expense of Plaintiff.

### Prayer For Relief

Wherefore, Plaintiff prays for judgment against Defendant as follows:

A.   That the `353 and '856 patents have been infringed by Defendant and/or others to whose infringement has been contributed to by Defendant and/or by others whose infringement has been induced by Defendant;

B.   That, pursuant to 35 U.S.C. § 283, preliminary and final injunctions be issued enjoining Defendant, any of its officers, agents, servants, employees and all those persons in active concert or participation with them from further infringement of the `353 and '856 patents;

C.   That, pursuant to 35 U.S.C. § 284, Defendant account for damages for all past infringement, including treble damages because of the willful nature of such infringement;

D.    That Plaintiff be granted pre-judgment and post judgment interest at the maximum rate allowable by law on the damages caused by reason of Defendant infringing activities complained herein;

E.    That, pursuant to 35 U.S.C. § 285, Plaintiff be awarded costs and attorney's fees incurred in connection with this action; and

F.    That the Court enter an injunction ordering that Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Paradocx trademark and/or trade dress to identify any goods or the rendering of any services not authorized by Paradocx;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Paradocx's business reputation or weaken the distinctive quality of the Paradocx trademark and/or trade dress;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods as being those of Paradocx or sponsored by or associated with Paradocx and from offering such goods in commerce;

(d) further infringing the paint can trademark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Paradocx bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the paint can trademark and trade dress;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the paint can trademark and /or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Paradocx, or to any goods sold, manufactured, sponsored or approved by, or connected with Paradocx;

(f) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Paradocx, or is sold, manufactured, licensed, sponsored, approved or authorized by Paradocx;

(g) engaging in any conduct constituting an infringement of the paint can trademark or trade dress, of Paradocx's rights in, or to use or to exploit, said trademark, or constituting any weakening of Paradocx's name, reputation or goodwill;

(h) using or continuing to use the paint can trademark and trade dress or any variation thereof on the Internet (either on web sites, or in promotions or advertising) in connection with any goods or services not directly authorized by Paradocx;

(i) engaging in producing, sponsoring or operating any web sites, that display or offer for sale any products bearing counterfeits of the trademark or trade dress;

(j) having any connection whatsoever with any web sites that offer for sale any merchandise bearing counterfeits of the paint can trademark;

(k) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Plaintiff's trademark and trade dress; and

(l) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (l).

G. Directing that Defendant deliver up for destruction to Paradocx all unauthorized products and advertisements in their possession or under their control bearing the paint can trademark, trade dress or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

H. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Paradocx or related in any way to Paradocx's products including compensating Paradocx for corrective advertising expenses.

I. Requiring Defendant pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement, including any willful infringement, of the paint can trademark and trade dress and unfair competition and to account for all gains, profits and advantages derived by Defendant from the use of the trademark and/or trade dress, sale of infringing merchandise bearing the Plaintiff's trademark and/or trade dress and that the award to

Plaintiff be trebled as provided under 15 U.S.C § 1117(b) for any willful conduct. That Plaintiff be awarded all amounts by which Defendant has been unjustly enriched by the use of Plaintiff's trademark and trade dress.

J.  Ordering that Plaintiff recover the costs of this action, together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

K.  Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

L.  That Plaintiff be granted such other and further relief in law or in equity as this Court deems just to award.

Respectfully submitted,
HARDING, EARLEY, FOLLMER & FRAILEY, P.C.

Date: September 4, 2014        By: _____

Frank J. Bonini, Jr. (PA 59,394)
fbonini@hardingearley.com
John F. A. Earley, III (PA 38,839)
jackearley@hardingearley.com
86 The Commons at Valley Forge East
1288 Valley Forge Road
P.O. Box 750
Valley Forge, PA  19482-0750
Telephone: (610) 935-2300
Facsimile: (610) 935-0600
*Attorneys for Paradocx Vineyard, LLC*

## VERIFICATION

I, David F. Hoffman, declare as follows:

1. I am an owner of Paradocx Vineyard, LLC;

2. I have personal knowledge of the facts set out in the foregoing Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint are true and correct to the best of my knowledge, and are based upon information obtained during the investigation of this matter.

Executed on September 2, 2014.

David F. Hoffman
Paradocx Vineyard, LLC.